UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHELLY HENDRIX | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:06-CV-0596-AH |
| | § | |
| CORNERSTONE REALTY INCOME | § | |
| TRUST, et al. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the written consents of the parties and the District Court's order of transfer of May 5, 2005, came on to be considered CLNL Acquisition Sub, LLC's ("CLNL") motion to dismiss filed on behalf of Defendant Cornerstone Realty Income Trust ("Cornerstone") on May 17, 2006, and CLNL's motion for summary judgment filed on behalf of Defendant Cornerstone and Defendant Apple Reit VI Limited Partnership ("Apple Reit") on May 22, 2006, together with the respective appendices submitted and the copy of all documents from the state court proceeding, 28 U.S.C. § 1446(a), and the court finds and orders as follows:

**Factual Background**

On January 7, 2004, Plaintiff Shelly Hendrix slipped and fell on an icy sidewalk on the premises of Devonshire Apartments. The sidewalk became icy after the operator of the complex permitted a sprinkler to run during freezing temperatures. As a result of the fall, Plaintiff claims to have suffered severe spinal injuries which resulted in severe physical and mental pain.

**Procedural History**

Plaintiff filed a personal injury action against Defendant Cornerstone in the 192nd

Judicial District Court of Dallas County on January 6, 2006.  In her petition, Plaintiff alleged that Cornerstone owned and operated the Devonshire Apartments.  On March 3, 2006, Plaintiff filed her first amended petition in the state court naming Cornerstone and Apple Reit as defendants.  On the same date process was issued and was later served on Apple Reit's registered agent on March 9, 2006.

Defendants Cornerstone and Apple Reit removed the action to federal court on April 3, 2006, on the basis of diversity of citizenship.  28 U.S.C. §§ 1332(a)(1), 1332(b), 1441.  On April 3, 2006, CLNL and Apple Reit filed their answer to Plaintiff's first amended petition.

Thereafter, on May 17, 2006, CLNL on behalf of Cornerstone filed a motion to dismiss for want of personal jurisdiction and on May 22, 2006, CLNL and Apple Reit filed their motion for summary judgment.

Prior to responding to defendants' motions, Plaintiff's counsel of record, T. Rick Frazier, filed his motion to withdraw as Plaintiff's attorney on June 15, 2006.  The attorney explained his inability to obtain Ms. Hendrix's approval of the motion due to her failure to return his calls.  *See* Local Court R. 83.12.  The court in turn wrote Ms. Hendrix on June 16, 2006, requesting that she notify the court on or before June 30, 2006, if she opposed counsel's motion.  When the letter was returned, noting that the forwarding request had expired, the letter was re-mailed to the designated forwarding address on June 26, 2006.

Ms. Hendrix did not respond and on July 12, 2006, the court granted counsel's motion and extended the time for Ms. Hendrix to respond to the case dispositive motions until August 4, 2006.  A copy of this order was mailed to Ms. Hendrix at her most current address.  No

response to either motion was timely filed.[1]

**Summary Judgment–Standard of Review**

To prevail on a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10 (1986). The materiality of facts is determined by substantive law. *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law. *See Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). Once the moving party has made an initial showing, the party opposing the motion for summary judgment may not merely rely on his pleadings, but must come forward with competent evidentiary materials that establish a genuine fact issue. *Anderson*, 477 U.S. at 256-257, 106 S. Ct. at 2514; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348, 1355-56 (1986). Neither conclusory allegations nor hearsay statements are competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the opponent's claim.

---

[1] On August 17, 2006, the court received correspondence from an attorney requesting that the court further delay ruling on the pending motions until he could determine whether to accept employment as Plaintiff's counsel. Defendants' counsel opposed the request, and the court will proceed to consider the merits of the motions, given the total lack of diligence on Plaintiff's behalf in either responding to the court's inquiry letter of June 16, 2006, or in timely filing any opposition to the motions.

*Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  The court must resolve any factual controversies in favor of the non-moving party.  *Richter v. Merchants Fast Motor Lines*, *Inc.*, 83 F.3d 96, 98 (5th Cir. 1996).  Thus, in reviewing all of the evidence, the court must consider it in a light most favorable to Ms. Hendrix's claims, drawing all factual inferences therefrom and making all credibility determinations related therefrom in her favor.  However, summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322; 106 S. Ct. 2548, 2552.

Defendants first argue that Plaintiff's claims are time-barred because: (1) while Cornerstone was named as a defendant within the limitations period, it is a non-entity and it thus not subject to suit and (2) Plaintiff failed to name Apple Reit VI as a defendant until March 6, 2006, more than two months after the running of the limitations period.

Accepting the accuracy of Mr. Robert M. Given's affidavit submitted with CLNL's motion to dismiss, the court is not persuaded that the motion is meritorious.  A "merger" as described by Mr. Givens does not extinguish all liability of an entity which ceases to exist upon completion of a merger.  *See* Tex. Bus. Corp. Act. Ann. art. 5.06(A)(3).  In addition, the summary judgment evidence does not negate the possibility that Apple Reit was an *alter ego* of Cornerstone at the time of the accident and/or on the date on which Ms. Hendrix filed her original petition.  *See Matthews Constr. Co., Inc. v. Rosen*, 796 S.W.2d 692, 693 (citing *Gentry v. Credit Planning Corp.*, 528 S.W.2d 571, 575 (Tex. 1975)).  However, for the reasons set out below, it is unnecessary to address the merits of CLNL's motion to dismiss or Apple Reit's contention that it was not named as a defendant prior to the expiration of the limitations period in

Defendants' motion for summary judgment.

**Failure to Exercise Due Diligence in Serving Defendants**

When a federal court considers a state law claim under its diversity jurisdiction, the applicable state statute of limitations governs the determination of whether the claim is time-barred. *Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1016 (W.D. Tex. 2000) (citing *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 n.1 (5th Cir. 1998)). Under section 16.003(a) of the Texas Civil Practice and Remedies Code, a plaintiff alleging personal injury must bring suit "not later than two years after the day the cause of action accrues." "To 'bring suit' within the two-year limitations period prescribed by section 16.003, a plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process." *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990); *see also Saenz v. Keller Indus. of Texas, Inc.*, 951 F.2d 665, 667 (5th Cir. 1992) (applying the "due diligence" standard in a diversity case). When a plaintiff files a petition near the close of the limitations period but does not effect service of process until after the limitations period has expired, "the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service." *Gant*, 786 S.W.2d at 260.

When a defendant files a motion for summary judgment on the basis that the plaintiff failed to exercise due diligence in effecting service, the defendant has the initial burden to establish that service was not effected until after the limitations period had run. *Plantation Production Properties, L.L.C. v. Meeks*, No. 10-02-00029-CV, 2004 WL 2005445, at *5 (Tex. App.-Waco Sept. 8, 2004, no pet.). In the present case, the state court papers filed with Defendants' notice of removal establish that no process was issued prior to March 3, 2006, after

5

the prescriptive two year limitations period had expired.  When the defendant is able to establish this initial defense, the burden shifts to the plaintiff to show that he or she exercised due diligence in serving the defendant.  *Id*.  (citations omitted).  While the exercise of due diligence is usually a question of fact, the issue can be determined as a matter of law if no valid excuse exists for the plaintiff's failure to timely serve notice of process.  *Eichel v. Ullah*, 831 S.W.2d 42, 43-44 (Tex. App.-El Paso 1992, no writ).

     A plaintiff exercises due diligence in attempting to serve a defendant if she: "(1) acts as an ordinary prudent person would under the same circumstances, and (2) is diligent up until the time the defendant is served." *Plantation Production Properties, L.L.C.*, 2004 WL 2005445, at *5.  The length of the delay is not the critical factor in determining whether the plaintiff exercised due diligence.  *Keeton v. Carrasco*, 53 S.W.3d 13, 18 (Tex. App.-San Antonio 2001, pet. denied).  Indeed, any unexplained delay constitutes a lack of due diligence as a matter of law.  *See Holt v. D'Hanis State Bank*, 993 S.W.2d 237, 241 (Tex. App.-San Antonio 1999, no pet.) (citing *Perry v. Kroger Stores, Store No. 119,* 741 S.W.2d 533, 534 (Tex. App.-Dallas 1987, no writ)); *Paredes*, 128 F. Supp. 2d at 1020; *Rodriquez v. Garcia*, No. 03-99-00440-CV, 2000 WL 374067, at *2 (Tex. App.-Austin April 13, 2000, no pet.) ("If the plaintiff does not plead diligence, once the defendant-movant establishes by summary judgment proof that limitations expired before he was served, then, if the plaintiff does not respond and provide summary judgment proof explaining any lapse of time between the expiration of limitations and the date the defendant was served, lack of diligence will be established as a matter of law and the defendant is entitled to summary judgment").

     Plaintiff neither amended her pleadings to allege the use of due diligence in serving

6

process nor did she file a response to Defendants' motion for summary judgment professing an explanation for the two month delay between the filing of suit and the service of process on any defendant.  Therefore, this unexplained delay constitutes a lack of due diligence as a matter of law and Plaintiff's claim is barred by limitations.  *See Rodriquez*, 2000 WL 374067, at *2 (affirming grant of summary judgment where plaintiffs neither amended their pleadings to allege the use of due diligence nor filed a response to defendant's motion for summary judgment which explained the four month delay in serving defendant); *Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex. App.-Dallas 1996, writ denied) (grant of summary judgment affirmed where plaintiff did not file a response explaining why citation was not requested until two and one half weeks after the running of the limitations period and summary judgment record did not contain any evidence of due diligence).

**IT IS, THEREFORE, ORDERED** that Defendant CLNL and Apple Reit's motion for summary judgment is granted.

**IT IS FURTHER ORDERED** that Defendant CLNL's motion on behalf of Cornerstone to dismiss for want of personal jurisdiction is dismissed as moot.

Signed this 30th day of August, 2006.

                                                        Wm. F. Sanderson Jr.
                                                       United States Magistrate Judge